# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                              Superior Court Trial Department

ALAIN CASTELLANOS, on behalf of          )
himself and all others similarly situated,    )
                                              )
          Plaintiffs,                        )
                                              )
v.                                            )        Civil Action No.
                                              )
DEL FRISCO'S OF BOSTON, LLC,              )
                                              )
          Defendant.                        )

**16 - 1815E**

RECEIVED

JUN - 8 2016

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

### CLASS ACTION COMPLAINT

## I.   INTRODUCTION

1.     Alain Castellanos worked as a wait staff employees for Del Frisco's of Boston, LLC, at its restaurant in Boston, Massachusetts, which is called Del Frisco's Double Eagle Steak House.  He alleges that Defendant has violated the Massachusetts Tips Statute, Mass. Gen. L. c. 149 § 152A, through the practice of having wait staff employees share gratuities with employees who are not eligible to receive wait staff employees' gratuities because they are not themselves wait staff employees.  Further, and as a result of this unlawful practice concerning gratuities, Plaintiff alleges that Defendant has violated the tip credit provisions of the Massachusetts Minimum Wage Act,  Mass. Gen. L. c. 151, §§ 1 and 7, by improperly paying its wait staff employees less than the full state minimum wage.

2.     Plaintiff has filed this action on behalf of himself and all others similarly situated, and seeks to represent the following class of employees:

> All wait staff employees who have worked at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the relevant statutory period, and who have not received or retained all the gratuities to which they are entitled, and who are subject to Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers.

1

Plaintiff seeks restitution for the gratuities that he and the class members did not receive or were not permitted to retain as a result of the unlawful tip-sharing practice described in this complaint, as well as restitution for the unpaid portion of the minimum wage for all hours that they worked at Del Frisco's Double Eagle Steak House.  In addition, Plaintiff seeks, on behalf of himself and the class identified above, statutory trebling of damages, pre- and post-judgment interest, attorneys' fees and costs, and any other relief that the Court may award, all as provided for by law.

## II.   PARTIES

3.      Alain Castellanos is a resident of Amesbury, Massachusetts.  He was employed serving food and beverages at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the proposed class period.  Mr. Castellanos meets the definition of "wait staff employee" set forth in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A.  His hourly rate of pay at Del Frisco's Double Eagle Steak House was at all times relevant to this case less than the Massachusetts minimum wage.

4.      Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20, namely, all other wait staff employees who have worked at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the relevant statutory period, and who have not received or retained all the gratuities to which they are entitled, and who are subject to Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers

5.      Del Frisco's of Boston, LLC, is a foreign company that owns and operates Del Frisco's Double Eagle Steak House, a restaurant located at 250 Northern Avenue in Boston, Massachusetts.

## III.   STATEMENT OF FACTS

6.      Wait staff employees at Del Frisco's Double Eagle Steak House are compensated at an hourly wage that is less than the Massachusetts minimum wage – currently about $3.00 per hour – plus gratuities.

7.      However, these employees have not retained all gratuities left by customers.

8.      Instead, there has been a policy and practice at Del Frisco's Double Eagle Steak House of wait staff employees sharing gratuities with non-wait staff employees.

9.      Specifically, pursuant to a tip pool imposed by Defendant, wait staff employees at the restaurant shared gratuities with hosts and hostesses and floor managers/sommeliers, none of whom meet the definition of "wait staff employee" in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, and who therefore are not permitted to share in gratuities.

10.     Hosts and hostesses at Del Frisco's Double Eagle Steak House are responsible for seating customers; they do not serve beverages or prepared food directly to customers, and they do not clear customers' tables.

11.     Floor managers/sommeliers at Del Frisco's Double Eagle Steak House have managerial responsibility, including, for example, supervising wait staff employees and being the managers designated to speak with customers about any issues.

12.     Pursuant to the tip pool imposed by the restaurant, wait staff employees at Del Frisco's Double Eagle Steak House have shared gratuities with other employees who do not meet the definition of "wait staff employee" in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, because they have some managerial responsibility and/or because they do not serve food or beverages or clear customers' tables, and who therefore are not permitted to share in gratuities.

13.     Additionally, wait staff employees have shared gratuities and/or service charges from banquet events with individuals who do not meet the definition of "wait staff employees" – because they do not serve prepared food or beverages to patrons, or clear patrons' tables, or because they possess some managerial responsibility – including catering staff.

14.     These unlawful practices have reduced the gratuity payments of wait staff employees, whose share from the tip pool was reduced because of the gratuities paid out to non-wait staff employees.

15.     As a result of these practices at Del Frisco's Double Eagle Steak House, Plaintiff and the putative class members have been deprived of gratuity payments to which they are entitled.

16.     Because the wait staff employees at Del Frisco's Double Eagle Steak House have not been permitted to retain the total proceeds of their tips, Defendant has not been eligible to claim the "tip credit" against the minimum wage and thus has been obligated to pay the wait staff employees the full minimum wage throughout the course of their employment.

17.     Defendant's mandatory arbitration policy with the putative class members in this case is unenforceable under the Federal Arbitration Act, 9 U.S.C. § 2, and, by extension, the Massachusetts Arbitration Act, M.G.L. c. 251, because it contains a class, collective, consolidated, and representative action waiver, and therefore violates the federal National Labor Relations Act, 29 U.S.C. §§ 151, et seq., which prohibits employers from attempting to restrain or interfere with employees' rights to engage in concerted protected activity for mutual aid or protection.

IV.    **CLASS ACTION ALLEGATIONS**

18.    Pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20, Plaintiff brings this class action on behalf of himself and all other individuals who have worked as wait staff employees at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the relevant statutory period, and who have not received or retained all the gratuities to which they are entitled, who are subject to Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers.

19.    The members of the class are so numerous that joinder of all of them is impracticable.

20.    There are issues of law and fact common to all class members, because Defendant's tip distribution and wage payment practices apply to all class members.

21.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

22.    Plaintiff and his counsel will fairly and adequately represent the interests of the class because there is no conflict of interest between Plaintiff and the class members, and because Plaintiff's counsel has substantial experience litigating in this area of the law.

23.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual class members. The predominant questions of law or fact are applicable to Plaintiff as well as every absent class member.

24.    A class action is superior in this case for several reasons including, but not limited to, that: the case challenges an employer's uniform tip distribution and wage payment practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it

would be an inefficient use of judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

25.   Pursuant to Mass. Gen. L. c. 149, § 150, Plaintiff filed his statutory claims with the Office of the Attorney General on March 9, 2016.  On approximately March 25, 2016, he received a letter from the Office of the Attorney General, authorizing him to pursue his claims in Court on behalf of himself and others similarly situated.

26.   Two similar actions alleging claims for improper gratuity distribution and violations of the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, and the Massachusetts Minimum Wage Act, Mass. Gen. L. 151, §§ 1 and 7, have been filed on behalf of a putative class.  The first case, Erica Wolfe et al. v. Del Frisco's of Boston, LLC, D. Mass. Civil Action No. 1:15-cv-12882 (the "Wolfe action"), was filed on May 27, 2015, and closed on October 23, 2015.  The second case, Gregory Homer, et al. v. Del Frisco's of Boston, LLC, D. Mass. Civil Action No. 1:15-cv-13958 (the "Homer action") was filed on November 25, 2015.

## VI.   JURY DEMAND

27.   Plaintiff demands a trial by jury on all claims so triable.

**COUNT I**
MASSACHUSETTS GENERAL LAW CHAPTER 149, § 152A

28.   Defendant's conduct in failing to allow its wait staff employees to receive or retain all of their gratuities, as set forth above, violates Mass. Gen. L. c. 149, § 152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF STATE LAW

29.     Defendant's conduct in failing to pay its wait staff employees the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates Mass. Gen. L. c. 151, §§ 1 and 7. This claim is brought pursuant to Mass. Gen. L. c. 151, § 20.

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1.     Invalidation of the Defendant's mandatory arbitration policies that contain a class, collective, consolidated, and representative action waiver;

2.     Certification of this case as a class action pursuant to Mass. R. Civ. P. 23, Mass. Gen. L. c. 149, § 152A, and/or Mass. Gen. L. c. 151, § 20;

3.     Restitution for all gratuities not properly distributed to or retained by wait staff employees, in violation of the law;

4.     Restitution for the full Massachusetts minimum wage;

5.     Statutory trebling of all damages;

6.     Pre- and post-judgment interest;

7.     Attorney's fees and costs; and

8.     Any other relief that the Court deems appropriate.

Respectfully submitted,
ALAIN CASTELLANOS, on behalf of himself and
all others similarly situated,

By their attorneys,

Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
hillary@fairworklaw.com
brant@fairworklaw.com

Maura Greene, BBO #547204
LAW OFFICE OF MAURA GREENE, LLC
One International Place, 8th Floor
Boston, MA 02210
(617) 936-1580
maura@mauragreenelaw.com

**Dated:** June 8, 2016.

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                          Superior Court Trial Department

ALAIN CASTELLANOS,                    )
TREVOR KILEY, and                     )
KRISTINA TOELLNER, on behalf of       )
themselves and all others similarly situated, )
                                      )
              Plaintiffs,             )     Civil Action No. 16-1815
                                      )     Civil Session E
v.                                    )
                                      )
DEL FRISCO'S OF BOSTON, LLC,          )
                                      )
              Defendant.              )

### FIRST AMENDED CLASS ACTION COMPLAINT

## I.   INTRODUCTION

1.     Alain Castellanos, Trevor Kiley, and Kristina Toellner worked as wait staff
employees for Del Frisco's of Boston, LLC, at its restaurant in Boston, Massachusetts, which is
called Del Frisco's Double Eagle Steak House.  They allege that Defendant has violated the
Massachusetts Tips Statute, Mass. Gen. L. c. 149 § 152A, through the practice of having wait
staff employees share gratuities with employees who are not eligible to receive wait staff
employees' gratuities because they are not themselves wait staff employees.  Further, and as a
result of this unlawful practice concerning gratuities, Plaintiffs allege that Defendant has violated
the tip credit provisions of the Massachusetts Minimum Wage Act,  Mass. Gen. L. c. 151, §§ 1
and 7, by improperly paying its wait staff employees less than the full state minimum wage.

2.     Plaintiffs have filed this action on behalf of themselves and all others similarly
situated, and seek to represent the following class of employees:

> All wait staff employees who have worked at Del Frisco's Double Eagle Steak House in
> Boston, Massachusetts, during the relevant statutory period, and who have not received
> or retained all the gratuities to which they are entitled, and who are subject to

1

Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers.

Plaintiffs seek restitution for the gratuities that they and the class members did not receive or were not permitted to retain as a result of the unlawful tip-sharing practice described in this complaint, as well as restitution for the unpaid portion of the minimum wage for all hours that they worked at Del Frisco's Double Eagle Steak House.  In addition, Plaintiffs seek, on behalf of themselves and the class identified above, statutory trebling of damages, pre- and post-judgment interest, attorneys' fees and costs, and any other relief that the Court may award, all as provided for by law.

## II.    PARTIES

3.      Alain Castellanos is a resident of Amesbury, Massachusetts.  He was employed serving food and beverages at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the proposed class period.  Mr. Castellanos meets the definition of "wait staff employee" set forth in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A.  His hourly rate of pay at Del Frisco's Double Eagle Steak House was at all times relevant to this case less than the Massachusetts minimum wage.

4.      Trevor Kiley is a resident of Pembroke, Massachusetts.  He was employed serving food and beverages at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the proposed class period.  Mr. Kiley meets the definition of "wait staff employee" set forth in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A.  His hourly rate of pay at Del Frisco's Double Eagle Steak House was at all times relevant to this case less than the Massachusetts minimum wage.

5.      Kristina Toellner is a resident of Pembroke, Massachusetts.  She was employed serving food and beverages at Del Frisco's Double Eagle Steak House in Boston, Massachusetts,

during the proposed class period. Ms. Toellner meets the definition of "wait staff employee" set forth in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A. Her hourly rate of pay at Del Frisco's Double Eagle Steak House was at all times relevant to this case less than the Massachusetts minimum wage.

6.      Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20, namely, all other wait staff employees who have worked at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the relevant statutory period, and who have not received or retained all the gratuities to which they are entitled, and who are subject to Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers

7.      Del Frisco's of Boston, LLC, is a foreign company that owns and operates Del Frisco's Double Eagle Steak House, a restaurant located at 250 Northern Avenue in Boston, Massachusetts.

## III.   STATEMENT OF FACTS

8.      Wait staff employees at Del Frisco's Double Eagle Steak House are compensated at an hourly wage that is less than the Massachusetts minimum wage – currently about $3.00 per hour – plus gratuities.

9.      However, these employees have not retained all gratuities left by customers.

10.     Instead, there has been a policy and practice at Del Frisco's Double Eagle Steak House of wait staff employees sharing gratuities with non-wait staff employees.

11.     Specifically, pursuant to a tip pool imposed by Defendant, wait staff employees at the restaurant shared gratuities with hosts and hostesses and floor managers/sommeliers, none of

whom meet the definition of "wait staff employee" in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, and who therefore are not permitted to share in gratuities.

12.     Hosts and hostesses at Del Frisco's Double Eagle Steak House are responsible for seating customers; they do not serve beverages or prepared food directly to customers, and they do not clear customers' tables.

13.     Floor managers/sommeliers at Del Frisco's Double Eagle Steak House have managerial responsibility, including, for example, supervising wait staff employees and being the managers designated to speak with customers about any issues.

14.     Pursuant to the tip pool imposed by the restaurant, wait staff employees at Del Frisco's Double Eagle Steak House have shared gratuities with other employees who do not meet the definition of "wait staff employee" in the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, because they have some managerial responsibility and/or because they do not serve food or beverages or clear customers' tables, and who therefore are not permitted to share in gratuities.

15.     Additionally, wait staff employees have shared gratuities and/or service charges from banquet events with individuals who do not meet the definition of "wait staff employees" – because they do not serve prepared food or beverages to patrons, or clear patrons' tables, or because they possess some managerial responsibility – including catering staff.

16.     These unlawful practices have reduced the gratuity payments of wait staff employees, whose share from the tip pool was reduced because of the gratuities paid out to non-wait staff employees.

17.     As a result of these practices at Del Frisco's Double Eagle Steak House, Plaintiffs and the putative class members have been deprived of gratuity payments to which they are entitled.

18.     Because the wait staff employees at Del Frisco's Double Eagle Steak House have not been permitted to retain the total proceeds of their tips, Defendant has not been eligible to claim the "tip credit" against the minimum wage and thus has been obligated to pay the wait staff employees the full minimum wage throughout the course of their employment.

19.     Defendant's mandatory arbitration policy with the putative class members in this case is unenforceable under the Federal Arbitration Act, 9 U.S.C. § 2, and, by extension, the Massachusetts Arbitration Act, M.G.L. c. 251, because it contains a class, collective, consolidated, and representative action waiver, and therefore violates the federal National Labor Relations Act, 29 U.S.C. §§ 151, et seq., which prohibits employers from attempting to restrain or interfere with employees' rights to engage in concerted protected activity for mutual aid or protection.

IV.     **CLASS ACTION ALLEGATIONS**

20.     Pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20, Plaintiffs bring this class action on behalf of themselves and all other individuals who have worked as wait staff employees at Del Frisco's Double Eagle Steak House in Boston, Massachusetts, during the relevant statutory period, and who have not received or retained all the gratuities to which they are entitled, who are subject to Defendant's mandatory arbitration policies which contain class, collective, consolidated, and representative action waivers.

21.     The members of the class are so numerous that joinder of all of them is impracticable.

22.     There are issues of law and fact common to all class members, because Defendant's tip distribution and wage payment practices apply to all class members.

23.     Plaintiffs' claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

24.     Plaintiffs and their counsel will fairly and adequately represent the interests of the class because there is no conflict of interest between Plaintiffs and the class members, and because Plaintiffs' counsel has substantial experience litigating in this area of the law.

25.     The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual class members.  The predominant questions of law or fact are applicable to Plaintiffs as well as every absent class member.

26.     A class action is superior in this case for several reasons including, but not limited to, that: the case challenges an employer's uniform tip distribution and wage payment practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.     Pursuant to Mass. Gen. L. c. 149, § 150, Alain Castellanos filed his statutory claims with the Office of the Attorney General on March 9, 2016.  On approximately March 25, 2016, he received a letter from the Office of the Attorney General, authorizing him to pursue his claims in Court on behalf of himself and others similarly situated.

28.     Pursuant to Mass. Gen. L. c. 149, § 150, Trevor Kiley and Kristina Toellner filed their statutory claims with the Office of the Attorney General on June 10, 2016.  On

6

approximately June 13, 2016, they received letters from the Office of the Attorney General,

authorizing them to pursue their claims in Court on behalf of themselves and others similarly

situated

29.     Two similar actions alleging claims for improper gratuity distribution and

violations of the Massachusetts Tips Statute, Mass. Gen. L. c. 149, § 152A, and the

Massachusetts Minimum Wage Act, Mass. Gen. L. 151, §§ 1 and 7, have been filed on behalf of

a putative class.  The first case, Erica Wolfe et al. v. Del Frisco's of Boston, LLC, D. Mass. Civil

Action No. 1:15-cv-12882 (the "Wolfe action"), was filed on May 27, 2015, and closed on

October 23, 2015.  The second case, Gregory Homer, et al. v. Del Frisco's of Boston, LLC, D.

Mass. Civil Action No. 1:15-cv-13958 (the "Homer action") was filed on November 25, 2015.

## VI.     JURY DEMAND

30.     Plaintiffs demand a trial by jury on all claims so triable.

### COUNT I
### MASSACHUSETTS GENERAL LAW CHAPTER 149, § 152A

31.     Defendant's conduct in failing to allow its wait staff employees to receive or

retain all of their gratuities, as set forth above, violates Mass. Gen. L. c. 149, § 152A.  This claim

is brought pursuant to Mass. Gen. L. c. 149 § 150.

### COUNT II
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF STATE LAW

32.     Defendant's conduct in failing to pay its wait staff employees the minimum wage

and inappropriate claiming of the "tip credit," as set forth above, violates Mass. Gen. L. c. 151, §§ 1

and 7.  This claim is brought pursuant to Mass. Gen. L. c. 151, § 20.

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1.  Invalidation of the Defendant's mandatory arbitration policies that contain a class, collective, consolidated, and representative action waiver;

2.  Certification of this case as a class action pursuant to Mass. R. Civ. P. 23, Mass. Gen. L. c. 149, § 152A, and/or Mass. Gen. L. c. 151, § 20; ·

3.  Restitution for all gratuities not properly distributed to or retained by wait staff employees, in violation of the law;

4.  Restitution for the full Massachusetts minimum wage;

5.  Statutory trebling of all damages;

6.  Pre- and post-judgment interest;

7.  Attorney's fees and costs; and

8.  Any other relief that the Court deems appropriate.

Respectfully submitted,
ALAIN CASTELLANOS, TREVOR KILEY, and
KRISTINA TOELLNER, on behalf of themselves
and all others similarly situated,

By their attorneys,

Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
hillary@fairworklaw.com
brant@fairworklaw.com

Maura Greene, BBO #547204
LAW OFFICE OF MAURA GREENE, LLC
One International Place, 8th Floor
Boston, MA 02210
(617) 936-1580
maura@mauragreenelaw.com

**Dated:** June 20, 2016.

## CERTIFICATE OF SERVICE

I certify that on June 20, 2016, I served a true copy of this document by electronic and first-class mail on counsel for the defendant.

_____
Brant Casavant